No. 6255.

## MRS. MARGARET NEWMAN vs. MISS ORALIE MERVEL, ET ALS.

### Syllabus.

Conceding that title to realty by abandonment or acquiescence, as distinguished from prescription, may be proved otherwise than by writing, (see *Hereford vs. Police Jury,* 4 *An.,* 172) still both the fact of abandonment or acquiescence and the clear intention to do so, must be established by a decided preponderance of the evidence, since the presumption is against the voluntary or gratuitous renunciation of a right.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 83,881. Honorable E. K. Skinner, Judge.

Lazarus, Michel & Lazarus, for plaintiff and appellee.

Charles Louque, for appellant.

A. J. Levy, Pierson, Walton & Pierson and George J. Untereiner, attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In April, 1904, by deed which she at once placed of record, plaintiff purchased from Widow Gastauer, who then owned the entire square, lot No. 9, fronting 32 feet on Fourth Street and distant 124 feet from the corner of Fourth and Claiborne Streets.

More than a year later, Widow Gastauer sold to defendant's author a lot also fronting on Fourth Street and so described in the deed that it actually embraces a part of plaintiff's property, in fact takes from the width of plaintiff's lot a strip about four feet wide extending along its entire depth, which strip defendants having fenced off

— 143 —

as included within their lot, plaintiff is now seeking to recover.

Defendants admit that by the effect of the priority of her deed, plaintiff acquired a valid title to the four foot strip; nor do they plead that this title has been divested by prescription or estoppel, but their defense is that, because long after this suit was instituted, plaintiff took possession of another four foot strip along her opposite side line and is consequently now in possession of property equivalent in width and area to that to which her deed entitles her, she has thereby acquiesced in defendant's claim and has abandoned to them her title to the property in controversy.

Granting that title to realty by abandonment or acquiescence, as distinguished from prescription, may be established otherwise than by written evidence, (see **Hereferd vs. Police Jury, 4 An., 172**) it is at least certain that both the fact of abandonment or acquiescence and the clear intention to do so must be established by a decided preponderance of the evidence, since the presumption is against the voluntary or gratuitous renunciation of a right.

The greatest significance that could attach to the circumstance upon which defendants rely is that it should be taken as evidence merely of an intention to abandon, but this effect is more than offset by the fact of the institution and continued prosecution of this suit itself in vindication of plaintiff's deed and which negatives any intention on her part to abandon her title or to acquiesce in defendants' pretentions with regard thereto.

Moreover, the evidence discloses quite clearly that in exercising acts of ownership over the strip along her opposite side line, plaintiff was governed primarily by motives of self-protection and by a desire to minimize the

— 144 —

damage, costs and expense. As to her pleadings, we find therein not a single averment that could in any manner be construed into an admission of the correctness of defendants' contentions.

The judgment in favor of defendants is clearly erroneous and must be reversed.

The judgment is accordingly annulled and reversed and it is now decreed that there be judgment in favor of plaintiffs, Mrs. Margaret O'Connor, wife of Washington N. Newman, and the said husband to aid, authorize and assist his said wife, and against the defendants, Dryades Building & Loan Association, Mrs. Felecia Dorsey and her husband, Loucois Smith, and Miss Oralie Mervel, adjudging and decreeing that plaintiff, Mrs. Margaret O'Connor Newman, is entitled to the removal of the fence illegally erected and encroaching upon plaintiff's property, which said property is hereby decreed to have a frontage of thirty-two feet (32') on Fourth Street, beginning at a point one hundred twenty-four feet (124) from the corner of Claiborne and Fourth Streets, the defendants to pay the costs of both Courts, including the fees of the surveyor employed herein.

Judgment reversed.

Opinion and decree, March 15, 1915.

St. Paul, J., takes no part.